IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KARL RUDOLPH LENTZ, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. 2:13-cv-387-MEF |
| | ) |
| DEPARTMENT OF HUMAN RESOURCES, | ) ) |
| | ) |
|    Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed his Complaint on June 5, 2013 (Doc. 1). On June 7, 2013, the District Judge entered an Order (Doc. 2) referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Upon review of the Complaint, and for the reasons that follow, the undersigned RECOMMENDS that this case be DISMISSED for lack of subject matter jurisdiction.

"[It] is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking". . . and, "[i]f the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006). *See also Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of

subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.") (citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985)).  The court has undertaken such a *sua sponte* review and has determined that dismissal of this action is necessary.

Plaintiff has filed a *pro se* Complaint in this case, referring to himself as "i: a man; prosecutor," against the "Department of Human Resources."  Plaintiff claims that the "wrongdoer(s)" trespassed on his property, through a "forged instrument," which did and does cause "harm and injury to [his] property."  The trespass began in August of 2001 and continues to at least the filing of this Complaint.  Plaintiff is seeking "Three-hundred and Seventy-One million, Five-hundred and Twenty thousand dollars."

The court must first note that a review of Plaintiff's Complaint reveals nothing about Plaintiff's claims.  That is however, no matter for the court's analysis here.  Plaintiff is attempting to file suit against the State of Alabama Department of Human Resources ("DHR"), or possibly a county DHR,[1] which in either case "are entitled to sovereign immunity with respect to all forms of relief asserted against them, and are due to be dismissed for lack of subject matter jurisdiction."  *Thomas v. Buckner*, 2011 WL 4071948 at *6 (M.D. Ala. Sep. 13, 2011) (Watkins, C.J.).  *See also Ford v. Child Support DHR*, 2010 WL 2305305 at *1 (M.D. Ala. May 10, 2010) (Moorer, M.J.); *Ziegler v. Alabama Dep't of*

---

[1] That Plaintiff is attempting to file suit against the Alabama DHR or a County DHR thereof, is evident from the service materials he has attached to his complaint, his "Notice of Proof of Service" (Doc. 3) and his prior suits in this court.

*Human Res.*, 710 F. Supp. 2d 1229, 1249 (M.D. Ala. 2010) (Albritton, J.); *Danzy v. State of Alabama*, 2010 WL 1994902 at *1 (S.D. Ala. April 27, 2010); *Johnson-Price v. Alabama Dep't of Human Res.*, 2010 WL 1268095 at *4 (M.D. Ala. March 30, 2010) (Thompson, J.); *Mack v. Ala. Dep't of Human Res.*, 201 F. Supp. 2d 1196, 1207 (M.D. Ala. 2002) (DeMent, J.).

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that this case be DISMISSED for lack of subject matter jurisdiction.

It is further

ORDERED that on or before **June 28, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en

3

banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 14th day of June, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE