# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KARL LENTZ, | ) |
| Plaintiff, | ) |
| V. | ) CASE NO.: 2:13-CV-00387-MEF-WC |
| ALABAMA DEPARTMENT OF HUMAN RESOURCES, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS

**COME NOW** the Alabama Department of Human Resources (hereinafter "Defendant"), by and through the undersigned counsel, and moves this Honorable Court pursuant to Rule 12(b)(6) Fed. R. Civ. P. to dismiss Plaintiff's Complaint in this action. Defendant shows unto this Court as follows:

### I. PLAINTIFF'S COMPLAINT

On May 28, 2013, Plaintiff, Karl Lentz filed a lawsuit against the Alabama Department of Human Resources. Plaintiff served the Alabama Department of Human Resources.

Plaintiff is seeking Three Hundred Seventy-One Million Five Hundred and Twenty Thousand Dollars ($371,520,000.00)

### II. RULE 12(b)(6) STANDARD

Under Rule 12(b)(6), Fed.R.Civ.P., dismissal of the complaint for failure to state a cause of action is appropriate when no construction of the factual allegations of the complaint will support the cause of action. *Marshall County Board of Education v. Marshall County Gas District,* 992 F.2d 1171, 1174 (11th Cir. 1993). The Court may

dismiss the complaint only if it is clear that no relief could be granted under any set of facts in support of its claims. *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir.1986).

This Court recently stated the rule as follows:

> A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts … which would entitle him to relief." See *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); see also *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986). Now, in order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1974. While the factual allegations of a complaint need not be detailed, a plaintiff must nevertheless "provide the 'grounds' of his 'entitlement to relief' and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. The plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id.* It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recover." *Id.* At 1968 (internal quotation and altercation omitted). In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. See *Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1057 (11th Cir. 2007). Accord *Nelson v. Campbell,* 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

*McClesky v. City of Dothan, Alabama,* ____ F.Supp. 2d ____, 2009 WL 4671454, 454 at 3 (M.D.Ala. December 3, 2009).

The Court is not required to accept a plaintiff's legal conclusions, *Ashcroft v. Iqbal,* 566 U.S. 662 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the

plaintiff's favor, "but [is] not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F. 3d 1242, 1248 (11th Cir.2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.; see also Iqbal*, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A *pro se* Plaintiff is held to a less stringent standard than those of attorneys *Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998). However, the court does not serve as *de facto* counsel for a *pro se* litigant. *Hall v. Bellmon*, 935 F. 2d 1106, 1109 (10th Cir. 1991). In addition the court cannot "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F. 3d 1359, 1369 (11th Cir. 1998). Moreover, this Court can only examine the four corners of the complaint. *Ricman v. Precisionaire, Inc.,* 902 F. Supp 232, 233 (M.D. Fla. 1995). The Plaintiff is required to "specify the acts of each defendant which resulted in the alleged constitutional violation." *Hayden v. Coppage*, 533 F. Supp. 2d 1186, 1197 (M.D. Ala. 2008).

Ordinarily, a party must be given at least one opportunity to amend before dismissal of a complaint. *Bryant v. Dupree*, 252 F. 3d 1161, 1163 (11th Cir. 2001). However, the district court need not allow another amendment that would be futile and whereby the Plaintiff has failed to correct the deficient complaint originally filed. *Id. See also Ziemba v. Casade International, Inc.,* 256 F.3d 1194 (11th Cir. 2001) (if more carefully drafted complaint could not state claim, then dismissal with prejudice is proper). Additionally, a court should not hesitate to dismiss a complaint when the Plaintiff's allegation fails as a matter of law. *Phelps v. Kapnolas,* 308 F.3d 180, 187 (2nd Cir. 2002).

### III.  ARGUMENTS

A.  THE COMPLAINT FAILS TO STATE A CLAIM

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  Even under the notice rules of pleading, the complaint must state a cause of action sufficient to affirmatively show that Plaintiffs are entitled to relief, for:

> [I]t is not enough to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Moore's Federal Practice*, § 8.13 (2d ed. 1984).

In *Ashcroft  v. Iqbal,* 566 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 868 (2004) the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal,* 129 S.Ct. at 1949.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible."  *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

'Unsupported conclusions of law or of mixed fact and law, have long been recognized not to prevent a Rule 12(b)(6) dismissal.'  "*Dalrymple v. Reno,* 334 F.3d 991,

996 (11th Cir.2003) (quoting *Marsh v. Butler County,* 268 F.3d 1014, 1036 n. 16 (11th Cir.2001)).  The Complaint in this case contains many conclusory allegations, but, even considered *en gross,* the conclusions of the Plaintiffs support no claim against the Defendants.  *See, e.g., Dalrymple,* 334 F.3d at 996-97; *Gonzalez v. Reno,* 325 F.3d at 1235.

### B. PLAINTIFF'S CLAIMS ARE BARRED AGAINST THE ALABAMA DEPARTMENT OF HUMAN RESOURCES

The Plaintiff has named the Department of Human Resources as a Defendant in this civil action.  The Department of Human Resources was created as a state agency by statutory authority.  See ALA. CODE § 38-2-1 (1975).

Where a party attempts to sue a State agency in federal court, the Eleventh Amendment prohibits the federal court from exercising jurisdiction over the suit, except where the State has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984;  *Edelman v. Jordan*, 415 U.S. 651, 677-78 (1974) ( Eleventh Amendment immunity can be raised for the first time on appeal).  In this case, the Alabama Department of Human Resources has not consented nor waived immunity.

### D. THE PLAINTIFF'S TRESPASS CLAIMS ARE TIME BARRED

The Plaintiff's claims for trespass to property are time barred.  Plaintiff alleges a trespass to property commencing on August 14, 2011.  Those claims are barred by the expiration of the applicable six year statute of limitations provided by § 6-2-34(2) Code of Alabama (1975).

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Defendant Alabama Department of Human Resources requests this Court:

    A. dismiss Plaintiffs' Complaint with prejudice and each and every count against the Defendant; and

    B. grant such other, further, and different relief as this Court may deem proper.

RESPECTFULLY SUBMITTED this the 17th day of June, 2013.

                                    LUTHER STRANGE (STR003)
                                    ATTORNEY GENERAL

                                    SHARON E. FICQUETTE
                                    GENERAL COUNSEL

                                    */s/ Larry A. Lynn, Jr.*
                                    Larry A. Lynn, Jr. (LYN006)
                                    Assistant Attorney General

                                    **COUNSEL FOR DEFENDANT**
                                    **ALABAMA DEPARTMENT OF HUMAN**
                                    **RESOURCES**

**OF COUNSEL**:

State of Alabama Dept. of Human Resources
State Legal Office
P.O. Box 304000
Montgomery, Alabama 36130-4000
Tel:  (334) 242-9330
Fax: (334) 242-0689
Email: larry.lynn@dhr.alabama.gov

**CERTIFICATE OF SERVICE**

I, the undersigned hereby certify that a true and correct copy of the above and foregoing was filed via the CM/ECF system and a copy of the same mailed to the Plaintiff via US Mail, postage prepaid on this the 17th day of June, 2013.

Karl Lentz
P.O. Box 440
Lexington, Virginia 24450

*/s/ Larry A. Lynn, Jr.*
Larry A. Lynn, Jr. (LYN006)
OF COUNSEL